King v. Ruckman.

*For affirmance*—BEDLE, CLEMENT, DEPUE, OGDEN, SCUDDER, VAN SYCKEL, WALES, WOODHULL.    8.

*For reversal*—VAIL.

---

KING, appellant, and RUCKMAN, respondent.

1. The general rule is, that in equity time is not of the essence of the contract, unless the parties have expressly so stipulated, or it necessarily follows from the nature and circumstances of the contract.

2. A contract for the sale of land is regarded in equity for most purposes as if it had been specifically executed. The purchaser becomes the equitable owner of the land, and the seller of the purchase money.

3. Not inequitable in this case to decree performance, though payment or offer of payment was not made on the day fixed.

4. Parol evidence of conversations before the execution of a contract, is

King v. Ruckman.

not admissible to alter its terms and thus render it a contract of which time is of the essence. But a defendant to a bill for specific performance may offer such conversation in evidence as independent proof, to rebut an equity set up by complainant.

5. Notice that the defendant would not extend time for payment, cannot aid him. Complainant was ready with the money on the day of payment.

6. The complainant being present with the money at the time and place where he understood payment was to be made, the defendant, after seeking the next day to repudiate the contract, and refusing three days afterwards to receive the money, when complainant expressed willingness to pay it, cannot be relieved from his contract in a court of equity on the ground that the money was not tendered at the proper place.

7. What lands were intended to be embraced in the contract, can be sufficiently gathered from contract, bill, and answer, without resorting to parol evidence to warrant a decree for specific performance.

Two distinct suits were brought in the Court of Chancery, one by King for the specific performance of a contract by Ruckman, for the conveyance of lands; the other by Ruckman to have that contract declared void, and given up to be cancelled. The decrees below dismissed King's bill, and declared the contract void. From both decrees King appealed. The facts of the case sufficiently appear in the opinion of the Chancellor, reported in 5 C. E. Green 346.

Mr. W. L. Dayton and Mr. F. T. Frelinghuysen, for appellants.

Mr. King complied strictly with all the terms of the contract. The contract indicated Mr. Voorhis' office as the place of payment, and it was so understood by Mr. King. 2 Parsons on Con. (2d ed.) 162; Tabb v. Archer. 3 Hen. & Munf. 399, 435. Agreement and notice that King should meet Ruckman at his, Ruckman's house, are denied by King, both in his answer and in his evidence. 1 Sug. on Ven. & Pur. 195, 160.* In fact the evidence and circumstances of the case show that Ruckman told King the payment was to be made at Voorhis' office. The reasonable diligence required of King was exercised by his going to

Voorhis' office for the purpose of making payment. 2 *Parsons on Con.* 347.

A substantial performance is all that equity requires, and that King did. *Gamet* v. *Macon*, 2 *Brockenbrough C. C. R.* 185; *Lloyd* v. *Collett*, 4 *Bro. C. C.* 469; 4 *Ves.* 690.

Time is not of the essence of the contract. It is not made so by direct stipulation. *Parkin* v. *Thorold*, 16 *Beav.* 65; *Fry on Spec. Perf.*, § 712. It is not so by necessary implication.

When there has been a substantial performance by complainant, time will not be implied to be of the essence of the contract. *Hearne* v. *Tenant*, 13 *Ves.* 288; *Fry on Spec. Perf.* 312, § 709; *Huffman* v. *Hummer*, 2 *C. E. Green* 263, 266; *Willston* v. *Willston*, 41 *Barb.* 635; *Young's Adm'r* v. *Rathbone*, 1 *C. E. Green* 225; *Toll Bridge* v. *Vreeland*, 3 *Green's Ch.* 157. Even where expressly stipulated, circumstances may excuse a failure to perform. *Eaton* v. *Lyon*, 3 *Ves.* 692.

Parol evidence is not admissible to make time of the essence, where there is no fraud, accident, or surprise. 3 *Stark. on Ev.* 997; *Stoutenburgh* v. *Tompkins*, 1 *Stockt.* 336; *Chetwood* v. *Brittain*, 1 *Green's Ch.* 439, 449; *King* v. *Baldwin*, 2 *Johns. Ch.* 557; *Gresley's Eq. Ev.* 173.

A court of equity exercises discretionary power in all cases to administer equity, and looks with indulgence and favor upon a suit for specific performance. *Story's Eq. Jur.*, §§ 776, 777; *Jeremy's Eq. Jur.* 460, 462; *Low* v. *Treadwell*, 3 *Fairfield* 441; *Radcliff* v. *Warrington*, 12 *Ves.* 326; 1 *Atk.* 12; 4 *Ves.* 690, and note; *Fry on Spec. Perf.*, § 709; *Runnels* v. *Jackson*, 1 *How. (Miss.)* 358; *Rogers* v. *Saunders*, 16 *Maine* 92, 98; *Attorney-General* v. *Purmont*, 5 *Paige* 620; *Brashier* v. *Gratz*, 6 *Wheat.* 528; *Story's Eq. Jur.*, §§ 751, 771; *Galway* v. *Fullerton*, 2 *C. E. Green* 389; *Hopper* v. *Hopper*, 1 *C. E. Green* 147; *Hall* v. *Warren*, 9 *Ves.* 608; *Greenaway* v. *Adams*, 12 *Ves.* 395, 400.

If Ruckman, the *vendor*, is unable to fulfill all of his part of the contract, equity may yet compel him to perform it *pro tanto.*

The court looks with more favor upon the suit of a vendee to compel specific performance, than upon the suit of a vendor. *Waters* v. *Travis,* 9 *Johns.* 450; *Woodcock* v. *Bennett,* 1 *Cowen* 711, 754; *Story's Eq. Jur.,* § 779; *Halsey* v. *Grant,* 13 *Ves.* 78; *Western* v. *Russell,* 3 *Ves. & B.* 192; *Mortlock* v. *Buller,* 10 *Ves.* 314; *Graham* v. *Oliver,* 3 *Beav.* 123; *Young* v. *Paul,* 2 *Stockt.* 401; *Allerton* v. *Johnson,* 3 *Sandf. Ch.* 76; *Seton* v. *Slade,* 7 *Ves.* 264, 274; *Windman* v. *Kent,* 1 *Bro. C. C.* 140; *Alley* v. *Deschamps,* 13 *Ves.* 228; *Moore* v. *Blake,* 1 *Ball & B.* 68; *King* v. *Hamilton,* 4 *Peters* 311; *Fry on Spec. Perf.,* §§ 299, 667; *Mulligan* v. *Cooke,* 16 *Ves.* 1; *Hill* v. *Buckley,* 17 *Ves.* 394.

King, in his bill, sets out certain deeds of conveyance, and Ruckman, in his answer, admits that he is seized and possessed of the lands described in these deeds, excepting only a small portion sold before the contract. The number of acres contained in these deeds in possession of Ruckman at the time of the contract, can readily be ascertained by reference to a master or otherwise, and can be conveyed to King at $275 per acre, the price designated in the contract.

It may further be decreed that King have the benefit of any contract which Ruckman may have entered into.

It is within the jurisdiction of this court to decree specific performance as to land lying out of this state. *Story's Eq. Jur.,* § 744; *Massic* v. *Watts,* 6 *Cranch* 148; *Sutphen* v. *Fowler,* 9 *Paige* 280; 3 *Sandf. Ch.* 185; 3 *Ves.* 170; 1 *Sim. & Stu.* 15; *Hopk.* 213; *Cleveland* v. *Burrill,* 25 *Barb.* 532; *Newton* v. *Bronson,* 3 *Kern.* 587.

The land to be conveyed is designated with sufficient certainty. "*Certum est quod certum reddi potest,*" and for that purpose a reference to a master may be made. *Robeson et al.* v. *Hornbaker,* 2 *Green's Ch.* 60; *Ogilvie* v. *Foljambe,* 3 *Mer.* 53; *Richardson* v. *Edick,* 17 *Barb.* 260. The

number of acres is fixed definitely. The rest being ascertained, the "two lots in Hackensack township" must necessarily contain the remainder of the two thousand acres.

The "two lots" may be located by parol evidence. *Fish* v. *Hubbard's Adm'rs,* 21 *Wend.* 652; 2 *Parsons on Con.* 61, 62.

Ruckman, in his answer, admits that he was seized, possessed, and held contracts for about two thousand acres of land in the contract, comprised within the boundaries in the said bill contained.

The certainty of description being admitted in the answer, uncertainty cannot be set up in defence. *Story's Eq. Pl.,* § 606; 1 *Daniell's Ch. Pr.* 726.

*Mr. Dixon,* for respondent.

The specific performance prayed for by King ought not to be decreed.

Because the court cannot from his bills of complaint ascertain of what lands he seeks conveyance.

Because the contract is so uncertain and indefinite that the court cannot ascertain from it what lands are intended to be contracted for.

Because the evidence does not supply these defects in the contract and bills, and cannot legally be used to supply such defects, since the phrase in the contract, "two lots of land in Hackensack township, &c.," is on its face ambiguous, and therefore cannot be cured by oral evidence; and it appearing that some of the "contracts" mentioned in the principal contract, were but oral, the proof of such contracts must rest on oral evidence, which, under the statute of frauds, is inadmissible.

Because the parties to the contract knew at the time that Ruckman had not title, and so based its specific performance in his getting the title subsequently, and he, not having yet done it, is not able to specifically perform, and the contract being entire, the court will not decree performance of part only.

Because it does not appear that Ruckman can or ought to

acquire title to the lands which, at the time of the making of the principal contract, he only "held contracts for."

Because King has failed to perform an essential agreement on his part in the contract, the performance of which is a condition precedent to his right to call on Ruckman for performance, in this that he did not on June 1st, 1868, pay or tender the $19,900 required, and has never since paid or tendered it.

The payment or tender on the day was of the essence of the contract, by the terms of the contract, by the understanding of the parties, by the notice from Ruckman to King, and by the circumstances of the case.

Because King's failure has put it out of the power of Ruckman to perform specifically.

For the foregoing reasons, and because King has made an improper use of the contract by having it recorded, the court will decree its surrender and cancellation of the record.

The opinion of the court was delivered by

DALRIMPLE, J.

This cause was argued at so late a day in the term as to make it impracticable now to enter into any discussion of the questions of law or facts involved.

The court, after careful consideration of the case, has directed me to state the conclusions at which it has arrived, as follows:

*First.* Time is not of the essence of the contract on which the complainant's bill is founded.

*Second.* It is a general rule that in equity time is not deemed to be of the essence of the contract, unless the parties have expressly so stipulated, or it necessarily follows from the nature and circumstances of the contract.

*Third.* A contract for the sale of land is regarded in equity for most purposes, as if it had been specifically executed. The purchaser becomes the equitable owner of the land, and the seller of the purchase money.

*Fourth.* In this case there is nothing in the terms of the agreement itself, in the nature of the property, or the attendant circumstances, which would make it inequitable for the court to interfere and decree performance of the contract, though payment, or offer of payment, had not been made on the precise day fixed.

*Fifth.* Parol evidence of conversations between the parties at and before the execution of the contract, is not admissible to alter, add to, or vary the terms of the written instrument, and thus render it a contract of which time is of the essence. But a defendant to a bill for specific performance may offer such conversations in evidence as independent proof, to rebut an equity set up by the complainant.

*Sixth.* The defendant's contention that because the second payment of $19,900 was not made on the first day of June, he lost certain contracts for the sale of land, to fulfill which on his part, it was understood he depended on the receipt of said second payment on the day it fell due, is not well founded, because he says in substance, that these contracts matured during that month of June, and that payment by the 10th would have served his purpose, and further, that on the 2d of June, as early as eight o'clock A. M., he served on complainant a notice that the contract was at an end, and ever afterwards refused to acknowledge its existence.

*Seventh.* It satisfactorily appears, that while the complainant on and prior to the said 1st day of June, was desirous of fulfilling the contract on his part, the defendant was anxious to rid himself of it.

*Eighth.* The notice given by defendant to complainant, that the time of payment of the $19,900 would not be extended, cannot aid the defendant, because the complainant was ready with the money on the day of payment, and the dispute is, whether he produced and offered it at the proper place.

*Ninth.* By the contract the $19,900 was payable at the house of the defendant, and not at the office of Mr. Voorhis.

*Tenth.* Assuming that the defendant's refusal to extend

the time of payment of the $19,900, made it necessary for the complainant to make the payment on the precise day stipulated, the weight of the testimony, after giving due and legal consideration to the answer of the defendant, and full credit to the testimony of Mr. Voorhis, is that by an understanding between the parties, the office of Mr. Voorhis was the place at which the payment was to be made. And the complainant having presented himself there with the money on the 1st day of June, and the defendant failing to attend and accept it, and having early the next morning sought to repudiate his contract, and refused three days afterwards to receive the money, when the complainant expressed his willingness to pay it, the defendant's answer to the complainant's case that the money was not tendered to the defendant at his house, on the 1st day of June, cannot prevail in a court of equity.

*Eleventh.* Though Mr. Voorhis advised the complainant to seek out the defendant at defendant's house, and tender the money to him there, the complainant did not, under the circumstances, lose his rights by not doing so.

*Twelfth.* Taking the contract, bill, and answer together, it can be made to appear with sufficient certainty, without resorting to parol evidence, what lands were intended to be embraced in the contract.

The result is, that the cross-bill of Ruckman should be dismissed with costs in this court, and the court below, and a decree entered in the original cause, with costs in both courts, directing the defendant, Ruckman, to make conveyance according to his contract, so far as he has the ability to do so. If the defendant should be able to perform his contract in part only, then the value of the lands embraced in the contract, and which he is not able to convey, should be ascertained, and damages awarded to the complainant, or allowance made to the defendant, as the principles of equity may require. In case the lands to be conveyed, or any of them are encumbered, and the defendant cannot remove the encumbrances for want of funds, the complainant must

assume the encumbrances, or pay the same, and receive an allowance therefor on the purchase money. If the contract cannot now be fully executed, let it be carried into effect on equitable principles, as far as circumstances will admit.

The decree of the Chancellor in the original cause must also be reversed, and a decree entered in this court in accordance with the principles above stated.

*For reversal*—BEASLEY, C. J., BEDLE, DALRIMPLE, DEPUE, KENNEDY, VAIL, WALES.   7.

*For affirmance*—OGDEN, OLDEN, SCUDDER, VAN SYCKEL, WOODHULL.   5.