# Richmond.

JONES v. TUNIS AND ANOTHER.

FEBRUARY 12, 1901.

Absent, Keith, P.

1. SPECIFIC PERFORMANCE—*Inability to Perform.*—The absolute inability of a defendant to perform his contract at all when called upon by the court to do so prevents a decree for specific performance, even though the defendant intentionally rendered himself unable to perform.

2. SPECIFIC PERFORMANCE—*Inability to Perform—Damages—Adequate Remedy at Law.*—When a contract is clearly proved, and the only objection to a decree for specific performance is the defendant's inability to perform, a court of equity will usually ascertain and decree the damages to which the complainant is entitled by reason of defendant's breach, in order to do complete justice and present a multiplicity of suits. But where the plaintiff knew when he sued that specific performance was impossible, no recovery of damages will be granted as the complainant has as complete a remedy at law as a court of chancery could give him.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk, pronounced January 23, 1900, in a suit in chancery, wherein the appellant was the complainant, and the appellees· were the defendants.

*Affirmed.*

The opinion states the case.

*D. Tucker Brooke,* for the appellant.

*Edward R. Baird, Jr.,* for the appellees.

PHLEGAR, J., delivered the opinion of the court.

This is an appeal from a decree of the Court of Law and Chancery for Norfolk city dismissing a bill filed by the appellant against the appellee, to compel the specific performance of an alleged contract for the sale of fifteen shares of the capital stock of the Atlantic Saw Mill Company, and to recover after-declared dividends.

The bill alleged such a contract and such special circumstances connected with the stock as would entitle the plaintiff to a transfer of the stock, and to a decree for the dividends declared after the contract was made.

The defendant demurred, and answered, denying all of the material allegations of the bill. Replications were filed and depositions taken. The evidence is contradictory as to whether or not a contract was made. This much, however, is certain: W. W. Tunis did not own, in his individual right, any of the stock either at the time of the alleged contract, September 18, 1896, or at any time thereafter. Stock stood in his name on the books of the company September 18, 1896, and when this suit was brought January 17, 1899; but it and stock standing in the names of Theophilus Tunis and E. L. Tunis belonged to a partnership known as E. L. Tunis & Co. This stock was regarded by the plaintiff " simply as Tunis stock forming one of the (three) portions " in which the company's stock was held. The dividends for several years before the 18th of September, 1896, and afterwards until this suit was brought, were paid to W. W. Tunis & Brother, or to the Tunis Lumber Company, by the plaintiff, as treasurer of the Atlantic Saw Mill Company. The stock was held for several years by the Tunis Lumber Company as collateral security, of which fact plaintiff was informed as early as September, 1898, and at one time was owned by and transferred to that company, and repurchased by E. L. Tunis & Co. What the real interest in the stock of any member of that

firm is cannot be determined without settling the partnership business. Therefore, W. W. Tunis alone cannot transfer any of the stock.

" From the very nature of the case, it could not be otherwise than that the absolute inability of the defendant to perform his undertaking at all, when called upon by the court so to do, prevents a decree against him for its specific performance"; and this is true when he intentionally rendered himself unable to perform the contract. Pom. on Spec. Per., secs. 293-294.

When the contract is clearly proven, and the only objection to a decree for performance is the inability of the defendant to comply, a court of equity will usually ascertain and decree the damages to which the plaintiff is entitled by reason of the defendant's breach. This on the ground that when equity has obtained jurisdiction it will do complete justice, and prevent a multiciplicity of suits. But where the plaintiff knew when he sued that specific performance was impossible, no recovery of damages can be had. Pom. on Spec. Perf., sec. 475. The reason is that a court of law can give him as complete and the same remedy as the court of equity can give. Therefore the latter has no jurisdiction, and the plaintiff could not give it jurisdiction by asking for what he knew it could not give.

In such a case he should be left to his remedy at law, and so the Law and Chancery Court decreed, and its action is affirmed.

*Affirmed.*