## Kerlin, Appellant, v. Knipp.

*Equity—Specific performance—Notice—Damages—Remedy at law.*

Where a vendee of land under articles has knowledge that the vendor has conveyed the land to another person, and that it has vested in an innocent purchaser for value, he cannot file a bill in equity for specific performance against his vendor, and claim to have his damages assessed thereunder for the breach of the contract. In such a case the remedy at law is adequate.

Argued Nov. 6, 1903.   Appeal, No. 167, Oct. T., 1903, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1903, No. 512, dismissing bill in equity in case of Annie L. Kerlin v. John C. Knipp.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for specific performance.

SHAFER, J., found the facts to be as follows :

1. On and before December 28, 1895, the plaintiff was the owner of eighty acres of land, more or less, in Indiana county, and the defendant was the owner of a house and lot in Wilkinsburg, Allegheny county. On that day they, with the husband and wife of each respectively, entered into a contract of exchange.

2. In accordance with this agreement the plaintiff, with her husband, conveyed to the defendant the farm in Indiana county, and he took possession of it February 1, 1896. After the deed was delivered the defendant discovered that instead of being free from all incumbrances, as the agreement required, the land in Indiana county was subject to a mortgage of $1,000, made by the plaintiff to H. F. Doris, together with a judgment in favor of one, Bialas, for the sum of $200, and certain taxes. The defendant thereupon went to Mrs. Kerlin and told her of these incumbrances, and she told him that she would have Dr. Doris fix it up, which she repeated to him on a second visit. Her husband and Doris then called on Knipp, the defendant, and told him that it had been arranged by Mr. and Mrs. Kerlin and Doris that the deed should be made to Doris, and he would pay the incumbrances and hold the property as security.

3. Knipp thereupon, without further communication with Mrs. Kerlin, the plaintiff, on June 23, 1896, made a deed for his house and lot in Wilkinsburg to Doris, who paid the mortgage, the judgment and the taxes, and Knipp gave his check for the $250, which he was to pay to Mrs. Kerlin according to the contract. This check was made by Knipp to the order of Mrs. Annie Kerlin, and was indorsed " Annie Kerlin " and " Samuel L. Kerlin." Mrs. Kerlin says she never received or indorsed this check, and Samuel L. Kerlin, her husband, says that he forged her signature, and this we find to be the fact.

4. On December 22, 1899, Annie Kerlin, the plaintiff herein, filed her bill against H. F. Doris, and one, Rose Bannon, to whom he had conveyed the land in question, in which she claimed that Doris had obtained title to the lot in question, among others, as trustee for her, and prayed a reconveyance to be made from Rose Bannon, the grantee of Doris. This

bill was dismissed as against Rose Bannon for the reason that she appeared to be a purchaser for value without notice, and a decree was entered for an account between the plaintiff and H. F. Doris as to the lot in question. Mrs. Kerlin testifies that before she brought the suit against Doris she notified Knipp·· that that she was about to bring it, and if she was not successful in it, she would proceed against him. In this she is corroborated by two young girls, one her daughter and a visitor. Mr. Knipp denies any such notice was given him, and we find it was not.

5. The present bill was filed February 21, 1903, and at no time, from the making of the deed to Doris in 1896 until a few weeks before the filing of the bill, did Mrs. Kerlin make any demand of the defendant, Knipp, in regard to the property in Wilkinsburg, or the $250, which he was to pay her, or say to him in any way that she was dissatisfied with the conveyance to Doris; nor did she demand of him any rent or compensation for the use of the property, although she was well acquainted with the plaintiff, and on one occasion before the bringing of the suit against Doris, she asked him to lend her $19.00, which she said she wished to pay in the suit against Doris to compel him to turn over the property.

The court dismissed the bill on the grounds (1) that there was an adequate remedy at law ; (2) that plaintiff was barred by her laches, and (3) that plaintiff was barred by the act of April 22, 1856.

*Error assigned* was decree dismissing the bill.

*L. C. Barton*, for appellant.

*William P. Schell, Jr.*, with him *R. H. Douglas*, for appellee, were not heard.

PER CURIAM, January 4, 1903 :

The parties agreed in writing in December, 1895, to exchange lands, and in February, 1896, plaintiff made a deed of her land to defendant who thereupon went into possession. This bill was filed in 1903 more than seven years after the contract which it seeks to enforce specifically, and in the meantime de-

fendant had conveyed the land to one Doris and he in turn to an innocent purchaser for value. Defendant claims that this was by arrangement with plaintiff. With this, however, we have nothing at present to do. It is sufficient that plaintiff was aware of the conveyance and brought suit against the purchaser, which was unsuccessful. It thus appears clearly that when plaintiff filed this bill she knew that she could not have the relief by specific performance which she sought. Her sole claim that was left was for breach of the agreement and her appropriate remedy was an action at law for damages. In this the whole merits of her controversy with defendant could be determined, and adequate compensation secured. The bill therefore was properly dismissed for want of jurisdiction in equity.

Cases in which a court of equity having jurisdiction but finding a decree for specific performance impossible or even inexpedient has awarded damages, stand upon a different footing. Thus in Masson's Appeal, 70 Pa. 26, cited for appellant the bill was for an injunction to stop the use of plaintiff's party wall by defendant until it should be paid for. Pending the suit the parties agreed that defendant might use the wall, he giving bond for the sum that might be awarded to plaintiff. It was held that the amount might be ascertained and decreed as damages. So in Maguire v. Heraty, 163 Pa. 381, also cited, the bill sought to have the first purchaser who had a deed on an oral contract declared a trustee for the second who had the vendor's contract in writing. This, however, failed but there being a decree pro confesso against the vendor, the court held that damages might be assessed under that. In both these cases the bill presented a claim cognizable in equity if it had been sustained by the facts and therefore the jurisdiction of the court attached. Here on the contrary the plaintiff as already said knew when she filed her bill that the relief prayed was beyond the power of the court and her only remedy was at law.

Decree affirmed with costs.