PUBLIC SERVICE CORPORATION OF NEW JERSEY.

*v.*

HACKENSACK MEADOWS COMPANY.

[Decided November 1st, 1906.]

1. A court of equity will not decree the specific performance by vendor of a contract for the sale of land where the vendor is not the owner of the land which he has agreed to convey. Such decree will not be made even though it is within the power of vendor to purchase the land in question at a reasonable price.

2. A court of equity will not retain a bill for specific performance for the purpose of awarding damages to vendee if the bill was filed by vendee at a time when he knew that defendant was not owner of the land in question.

On demurrer to bill.

The bill alleges that defendant agreed to sell to the North Jersey Street Railway Company a certain strip of land and to convey an absolute title to the same for the consideration of $30,000. Subsequently the railway company, with the consent and acquiescence of defendant, assigned the contract of sale to complainant and complainant entered into possession under the contract. Thereafter defendant executed and delivered to complainant a deed of conveyance of the land contemplated by the contract and received from complainant the money consideration named in the contract. The deed contains a covenant of ownership, a covenant of right to convey and a covenant of general warranty. Complainant has erected upon the land in question poles and transmission wires for conveying electricity, that being the purpose for which the land was purchased. Complainant relied upon the declarations of ownership of defendant at the time the purchase and improvements were made. At the time of the conveyance a certain portion of the premises conveyed was owned by one Ella V. Decker, and in consequence no

title to that portion passed to complainant by the conveyance. Complainant is now in possession of the portion of the premises in question solely by sufferance of Ella V. Decker. The bill then contains the following paragraph:

"That the said Ella V. Decker is ready and willing to sell for a reasonable price a tract of land containing four and ninety-one hundredths (4.91) acres, of which the land so agreed to be conveyed but not properly conveyed to your orator, is a part; but that your orator has use only for a strip eighty (80) feet wide across said tract of 4.91 acres, as above described, and it would be a grievous burden to your orator to be compelled to acquire said entire tract; that Hackensack Meadows Company is the owner of other land in that vicinity, is dealing in land in that vicinity, and could without loss to itself, acquire at a reasonable price from Ella V. Decker the tract of land in question and convey to your orator that portion of the same agreed to be conveyed to your orator as aforesaid; that your orator has repeatedly requested Hackensack Meadows Company to execute its agreement to convey the said land to your orator by a good and sufficient title as it well could do, and the said Hackensack Meadows Company has on several occasions, promised to arrange the matter and acquire the said land from Ella V. Decker and convey the same to your orator, but that a reasonable time has elapsed since such requests were made by your orator, and Hackensack Meadows Company has not carried out its agreement to convey the said portion of said land to your orator, although the said Hackensack Meadows Company retains the full consideration paid by your orator, to wit: the sum of thirty thousand dollars ($30,000) for all of said lands so conveyed; all of which is contrary to equity and good conscience and tends to the manifest wrong and injury of your orator."

The bill prays, in addition to the prayer for general relief, that the agreement of conveyance may be specifically performed, and that defendant may be required within a reasonable time to acquire the title to that portion of the premises owned by Ella V. Decker and then convey the same to complainant. Ella V. Decker is not made a party.

*Mr. Leonard J. Tynan*, for the complainant.

*Mr. Thomas Mills Day*, for the demurrant.

LEAMING, V. C.

This court has repeatedly held that it will not decree the specific performance by a vendor of a contract for the sale of

land where the vendor is not the owner of the land which he has agreed to convey. *Welsh* v. *Bayaud, 21 N. J. Eq. (6 C. E. Gr.) 186; Peeler* v. *Levy, 26 N. J. Eq. (11 C. E. Gr.) 330; Ten Eyck* v. *Manning, 52 N. J. Eq. (7 Dick.) 47; Hopper* v. *Hopper, 16 N. J. Eq. (1 C. E. Gr.) 147, 149.* It is urged on behalf of complainant that the underlying reason for the refusal to decree specific performance in such cases will be found to rest in the inability of the court to enforce such decrees and its reluctance to make nugatory decrees, and upon that view it is argued that the present case is free from the operation of the rule in that the bill avers that defendant can acquire title to the land in question at a reasonable price, and this fact being admitted, it is urged that no embarrassment in the execution of the decree can be reasonably anticipated. In this contention I think that counsel of complainant fails to give full force to the reasons for the rule in question. While in the cases above cited decrees may seem to have been refused because of their manifest want of inherent coercive force, yet that does not appear to be the sole ground upon which equity is impelled to deny relief in such cases. It is a well-established rule in equity that no contract will be specifically enforced unless there is in the contract such mutuality of obligation that either party may enforce it against the other. As a vendor without title to the subject-matter of the contract of sale cannot enforce the contract against his vendee, or at least cannot until he shall have actually acquired title, courts of equity hold such contracts unenforceable at the instance of the vendee because of want of mutuality as well as because of the possible infirmity of the decree. *Forrer* v. *Nash, 35 Beav. 167; Hoggart* v. *Scott, 1 Russ. & M. 293;* see, also, *Ten Eyck* v. *Manning, supra; Pom. Spec. Perf.* §§ *162, 166.* I think another ground upon which courts of equity appropriately refuse to decree specific performance in cases of this class arises from the mutual relationship which equity deems the respective parties to bear to the subject-matter of the contract. Under an agreement for the sale of land equity regards the vendee as the equitable owner of the land and the vendor as the equitable owner of the purchase-money. The vendor holds the legal estate in trust for the vendee. The lands descend to the heirs of the vendee and the personal

representatives of the vendor succeed to the purchase-money. A sale by the vendor to a third party will be treated in equity as a sale for the benefit of the vendee and an accounting will be decreed. A third party purchasing with notice of the contract will be compelled to convey to the vendee. In *Haughwout & Pomeroy* v. *Murphy, 22 N. J. Eq. (7 C. E. Gr.) 531, 547,* Mr. Justice Depue, in delivering the opinion of our court of errors and appeals, after reviewing the above-stated effects of the contract of sale upon the title of the subject-matter of the contract, says: "It is upon the principle of the transmission by the contract of an actual equitable estate, and the impressing of a trust upon the legal estate for the benefit of the vendee, that the doctrine of the specific performance of contracts for the sale and conveyance of lands mainly depends." The absence of an equitable estate in the vendee, when the subject-matter of the contract to convey is land in which the vendor has no interest, would seem to necessarily enter largely into the considerations which have impelled courts of equity to uniformly refuse to entertain bills for the specific performance of such contracts. It should also be observed that a decree of specific performance against a vendor where he has no title, but has merely the means of acquiring a title by purchase, would be no less barren, except in its persuasive force, than such a decree where no present means of acquiring title should exist. With title in·vendor this court can, if necessary, direct a conveyance through commissioners and effectuate its decree to its fullest purpose. This, however, could not be accomplished with title in another. Such a decree would fail in the important element that goes far to induce courts of equity to adopt the extraordinary remedy sought by complainant. My conclusion is that the fact that it is now possible for defendant to acquire title to the land in question at a reasonable price will not justify this court in entertaining the bill. I see nothing in *Moore* v. *Crawford, 130 U. S. 122, 133,* cited in behalf of complainant, to modify this view.

Complainant further urges that the allegation in the bill, to the effect that since the delivery of the deed defendant "has promised to arrange the matter and acquire the said land from Ella V. Decker and convey the same" to complainant, creates

further or additional rights to relief. No new consideration for the promise is averred. Such promise is plainly without a consideration to support its enforcement and bestows no additional remedy.

The bill will not be retained for the purpose of awarding damages. The bill was filed for specific performance at a time when complainant knew that defendant was not owner of the land in question. The distinctive claim for equitable relief failing this court will not, in such case, take jurisdiction of the ancillary claim to damages. *Borden* v. *Curtis, 48 N. J. Eq. (3 Dick.) 120; Peeler* v. *Levy, 26 N. J. Eq. (11 C. E. Gr.) 330, 332; Welsh* v. *Bayaud, 21 N. J. Eq. (6 C. E. Gr.) 186; Iszard* v. *Mays Landing Water Power Co., 31 N. J. Eq. (4 Stew.) 511, 524; Ludlum* v. *Buckingham, 35 N. J. Eq. (8 Stew.) 71; S. C., 39 N. J. Eq. (12 Stew.) 563.*

The bill will be dismissed, with costs.