## PLAINTIFF'S REMEDY IN A SUIT AT LAW RATHER THAN FOR SPECIFIC PERFORMANCE.

Court of Appeals for Hamilton County.

FISHER-BARKDULL FARM AGENCY v. HARRY M. CREAGER.

Decided, November 8, 1915.

*Specific Performance—Denied After Conveyance to Another of the Land Claimed by Plaintiff.*

Where it appears that prior to the bringing of an action for specific performance of a contract to exchange one tract of land for another, the plaintiff had knowledge both actual and constructive that the defendant had already conveyed the land sought in exchange to a third party, the court will not retain the case for assessment of damages, but will relegate the plaintiff to an action at law.

*DeCamp & Sutphin* and *L. J. Brumleve,* for plaintiff.
*H. J. Buntin,* for defendant.

JONES (Oliver B.), J.

This is an action to enforce the specific performance of a contract to exchange a tract of land in Cincinnati for a tract of land in Florida. The contract provided for an even exchange of the two properties.

Before this suit was filed the defendant had sold and conveyed to a *bona fide* purchaser all of the Cincinnati land which under said contract was to have been exchanged with plaintiff company for the Florida land. This sale was consummated and the deed of conveyance left for record with the recorder of Hamilton county, Ohio, three days before the filing of the suit, and constructive notice thereby given to plaintiff. The agent

and attorney of plaintiff were both personally told by defendant that she had so sold her land, two days before the filing of this suit. Plaintiff therefore had both constructive and actual notice that it would be impossible for defendants to specifically perform their contract. The purchaser of the Cincinnati land is not made a party to the suit nor is any claim made that the sale was not made to him in good faith.

"Specific performance can not be decreed of an agreement to convey property which has no ·existence or to which the defendant has no title; and if the want of title was known to the plaintiff at the time of beginning the suit the bill will not be retained for assessment of damages." *Kennedy* v. *Hazelton,* 128 U. S., 667 (9 Sup. Ct. Rep., 202; 32 L. Ed., 576).

Plaintiff was fully advised before bringing this suit that defendants had conveyed away their title and that the contract could not be specifically performed. Under these circumstances the case would not be retained by the court for the assessment of damages, but must be dismissed, and plaintiff relegated to an action at law where its remedy is adequate. *Jones* v. *Tunis,* 99 Va., 220; *Kerlin* v. *Knipp,* 207 Pa. St., 649; *Eastman* v. *Reid,* 101 Ala., 320; *Public Service Corporation* v. *Hackensack,* 72 N. J. Eq., 285; *Mack* v. *McIntosh,* 181 Ill., 663; *National Tube Co.* v. *Tube Co.,* 3 C.C.(N.S.), 459.

As the case, however, was heard on evidence and fully argued both orally and by brief, it might be stated that even if the land were still owned by defendants and subject to a decree for specific performance, that in the opinion of this court plaintiff corporation has failed to show that it would be entitled to such decree. And taking the land of plaintiff at its own valuation it would not appear that it has suffered any damage in failing to exchange it for that formerly owned by defendant.

Petition of plaintiff dismissed at its costs.

JONES (E. H.), J., and GORMAN, J., concur.