This is a suit for specific performance, brought by the vendees of a parcel of real estate. A memorandum was signed *Page 426 
setting forth the description of the property, the purchase price, and the terms of sale. It provided that a contract was to be executed at a later date, when an additional $300 was to be paid, besides a like sum paid as a deposit on the memorandum. The memorandum contained a provision that "This deposit of Three Hundred Dollars ($300) is made subject to the purchaser procuring a first mortgage of Four Thousand ($4,000)." Defendant refused to convey, and tendered back the check for $300. She did not deliver the formal contract referred to in the memorandum.
Defendant contends that the memorandum is not binding since it provides for the exchange of a formal contract later. This in my opinion is not of itself a defense to the suit. All the terms of the sale are set forth, there being nothing in dispute or to be decided later. In Monahan v. McElligott, 137 N.J. Eq. 176,
the Court of Errors and Appeals sustained a decree for specific performance in a case much like the present, where a formal contract was contemplated but never executed.
But there is here a fatal objection to the relief of specific performance. Complainants were not bound absolutely by the memorandum, since by its terms the obligation to complete the sale was expressly made contingent upon the purchasers securing a first mortgage. Specific performance is granted only where there is mutuality. In Fiedler, Inc., v. Coast Finance Co., Inc.,129 N.J. Eq. 161, the court says: "If the enforcement of the obligation may not be granted to both contracting parties, it should not be enforced against one."
Since complainants' engagement to buy was not absolute but contingent, specific performance must be denied. *Page 427