The defendants move to strike the bill of complaint because it states no equitable cause of action. Complainants agreed to buy, and defendants to sell, certain real estate for $21,000. The agreement contains this provision:
"This contract is made subject to the parties of the second part obtaining a mortgage of $18,000 in the form of a G.I. loan * * *. In the event the aforesaid mortgage in the sum of $18,000 is not secured by the parties of the second part or a commitment obtained for the same by September 3, 1946, then this agreement shall be null and void, and the deposit herein paid shall be returned and no obligation shall attach against one party as to the other."
On October 1st, the day mentioned in the contract for the passage of title, the complainants tendered the balance of the purchase price then remaining unpaid, but the defendants *Page 324 
refused to execute and deliver a deed in accordance with the contract. Whereupon, the complainants filed their bill in which they tender themselves ready, willing and able to pay the purchase price, and pray that the defendants may be decreed specifically to perform.
The motion to strike is put on the ground that the bill shows a lack of mutuality inasmuch as the obligation of the purchasers was made contingent on their obtaining a mortgage loan.
The research of counsel has discovered only one clear case in our New Jersey reports in which specific performance has been denied for lack of mutuality, — Burlew v. Hepps, 138 N.J. Eq. 425,
a suit much like the present one. The memorandum of the contract contained a provision that, "This deposit of $300 is made subject to the purchaser procuring a mortgage of $4,000." Vice-Chancellor Lewis said: "There is here a fatal objection to the relief of specific performance. Complainants [purchasers] were not bound absolutely by the memorandum since, by its terms, the obligation to complete the sale was expressly made contingent upon the purchasers securing a first mortgage. Specific performance is granted only where there is mutuality." On the other hand, in support of the bill many instances may be cited where the remedy has been granted, although, at the time the contract was made, the opposite party could not have maintained an action against the complainant. For example: Where the complainant was protected by the statute of frauds. Krah v.Wassner, 75 N.J. Eq. 109; 78 N.J. Eq. 305; Lean v. Leeds,92 N.J. Eq. 455; Miller v. Headley, 109 N.J. Eq. 436; 112 N.J. Eq. 89.
Where complainant-vendor was a married woman who was not liable because she had not acknowledged the contract.Rittenhouse v. Swiecicki, 94 N.J. Eq. 36; Teitleman v.Porter Smith Co., 103 N.J. Eq. 412. Where complainant was the assignee of the purchaser. Grigg v. Landis, 21 N.J. Eq. 494;Bateman v. Riley, 72 N.J. Eq. 316; South Jersey Furniture Co.
v. Dorsey, 95 N.J. Eq. 530; 99 N.J. Eq. 453; McVoy v. Baumann,93 N.J. Eq. 360 and 638. Where the complainant was a third party beneficiary, and not a party to the contract. Van Dyne v. *Page 325 Vreeland, 11 N.J. Eq. 370; 12 N.J. Eq. 142; Di Girolamo v. DiMatteo, 108 N.J. Eq. 592; Hendershot v. Hendershot, 135 N.J. Eq. 232.
Where complainant vendor at the time of contracting had no legal title but only an agreement to buy. Cavanna v.Brooks, 97 N.J. Eq. 329; Bianchi v. Herman, 105 N.J. Eq. 226.
Similarly, where the vendor named in the contract had only a partial title but his co-owner joined him in bringing the suit.Verney v. Dodd, 96 N.J. Eq. 129.
We have a number of cases in which specific performance was denied and in which there is mention of mutuality, but they all, I believe, rest on other reasons. In Public Service Corp. v.Hackensack Meadows Co., 72 N.J. Eq. 285; Flattau v. Logan,Ibid. 338; Degheri v. Carobine, 102 N.J. Eq. 264; Ten Eyck v.Manning, 52 N.J. Eq. 47; Freeman v. Anders, 103 N.J. Eq. 430,
and Commercial Trust Co. v. Zunni, 108 N.J. Eq. 435; 110 N.J. Eq. 569;
the vendor lacked title and the titleholder was not a party to the cause. Stoutenburgh v. Tompkins, 9 N.J. Eq. 332,
was a case in which the complainant vendee, not being bound himself, delayed until the property increased in value. It illustrates, I believe, that lack of mutuality of obligation is a factor in laches. Fiedler, Inc., v. Coast Finance Co., Inc.,129 N.J. Eq. 161, was a suit to compel defendant to engage the personal services of complainant. The contract was not one of the class which will be specifically performed. Or, as Williston states it in the passage quoted below, the defendant would have only an action for damages if complainant should thereafter breach the contract.
According to the great weight of our authorities, specific performance will not be refused merely because the contract, at the time it was entered into, could not have been enforced by the defendant against the complainant. Gerber v. Mitruske, 84 N.J. Eq. 79
and 141, takes us on to the situation where the title of complainant vendor is perfected pending the suit. It is enough that there is mutuality at the time of the decree.
Dictum may be found in many New Jersey cases to the effect that "equity will not direct a performance of the terms of an agreement by the one party when, at the time of such *Page 326 
order the other party is at liberty to reject the obligations of such agreement." Richards v. Green, 23 N.J. Eq. 536. I need not reach an opinion whether this dictum accurately states our law, but I observe that we have some decisions in which specific performance was decreed, although at the time the decree was entered, the defendant could not have had such relief against complainant. In State Highway Commission v. Golden, 112 N.J. Eq. 156,
the complainant was the state, not subject to suit on the contract. In many cases where the defendant vendor lacked title to part of the land, or his title was subject to an encumbrance, and so he could not have required complainant to accept a conveyance, yet he was compelled to perform to the extent of the title he held. King v. Ruckman, 21 N.J. Eq. 599;Mellick v. Cross, 62 N.J. Eq. 545; Kapstick v. Crane, 66 N.J. Eq. 341; McCormack v. Stephany, 61 N.J. Eq. 208.
Recent English students deny that want of mutuality is a defense to a suit for specific performance. Ashburner Eq. 404;Maitland Eq. 311; Hanbury Med. Eq. 455. Among American textbook writers, Williston very narrowly limits the principle. He puts it, quoting Ames: "Equity will not compel specific performance by a defendant if, after performance the common law remedy of damages would be his sole security for the performance of the plaintiff's side of the contract." Will. Contr., § 1440. See, also, Pom. Eq. Rem., § 769, and Restatement — Contr., § 372.
The mortgage clause in Gottlaub's contract was inserted for his benefit so that he would not be liable for breach of contract unless he could borrow the money with which to pay for the land. He was at liberty to waive the benefit of this clause and to assume an unconditional obligation to fulfill the contract. This he did by filing his bill so that there is now complete mutuality between the parties. This is sufficient. The motion to dismiss will be denied.
The Chancellor authorizes me to say that he approves of the result which I have reached in this case. *Page 327