This matter originated as a bill for specific performance. It was heard by former Vice-Chancellor Lewis whose opinion is reported in 138 N.J. Eq. 425. The *Page 338 
contract contained a provision making the obligation of the complainant to complete the purchase contingent upon his securing a mortgage. The Vice-Chancellor in his opinion denied specific performance upon the ground that the contract lacked mutuality. Before a decree was advised and filed the Vice-Chancellor retired.
Thereafter, in the case of Gottlaub v. Cohen, 139 N.J. Eq. 323, Vice-Chancellor Bigelow had before him a similar situation. After reviewing the cases, among them being Burlew v. Hepps,supra, the Vice-Chancellor decreed specific performance. He said, at page 326:
"The mortgage clause in Gottlaub's contract was inserted for his benefit so that he would not be liable for breach of contract unless he could borrow the money with which to pay for the land. He was at liberty to waive the benefit of this clause and to assume an unconditional obligation to fulfill the contract. This he did by filing his bill so that there is now complete mutuality between the parties. This is sufficient."
The opinion of Vice-Chancellor Bigelow was concurred in by the Chancellor.
Thereafter an application to me for a rehearing of Burlew v.Hepps was granted. At a pretrial conference leave was granted to the defendant to amend her answer. The amended answer alleged that the plaintiff was no longer interested in prosecuting the suit and had released the defendant from any liability under the contract. Upon the final hearing the defendant failed to sustain the allegations of the answer.
On the legal issue I am bound by the decision of Vice-Chancellor Bigelow in Gottlaub v. Cohen, supra.
 Judgment for the plaintiff. *Page 339