The Chancellor.
The bill-is filed by Mary and her husband, to whom a share, by metes and bounds, has been assigned since "the agreement, against Peter, to whom a share, by metes and bounds, was assigned by the agreement, to compel Peter to execute to the complainants a release of his interest in the portion assigned to them; they having tendered to Peter a release of their interest in the share assigned to him.
*387 If. is contended on the part of the complainants, that the agreement is distributive in its’eharacter, and binds Peter to execute to each of the other share owners, separately, a release of his interest in any share, whenever it should be set off by metes and bounds, by agreement between the other three; and that, as that has been done in reference to Mary’s share, the complainants are entitled to call on the defendant for a release of his interest in that share, without reference to any releases between Peter and the other share owners. If this be so, there is no want of proper parties in t.he causo. I am inclined to think this is the true construction of the agreement.
The defendant alleges, that his object in selecting the out-lots for his share was that he might sell them, and that, by reason of the incumbrances, he could not immediately accomplish that object.
Two mortgages existed at the time of the agreement, and the weight of the evidence, to my mind, is, that the existence of both was known to the defendant. This takes from the case all idea that the defendant was drawn, into the agreement by concealment from him of any thing which, if known to him, might have prevented him from entering into it. The only ground left the defendant on this part of the case is, that he misapprehended the effect of Henry’s mortgage; and that when he came to carry out his object in selecting the out-lots, he found himself embarrassed by that mortgage. The question then arises, can the case be permitted to turn on proof of the object which the defendant had in selecting the out-lots. Nothing is said of that object in the agreement, it would leave agreements for partition, and the action of a court upon them, to stand on very unde,finable ground, if they could be influenced by proof of any particular object which one of the parties had in agreeing to take the part assigned to him, and that that object had failed.
The case, on this part of it, must stand on the same ground as if the defendant’s object was, to keep the part selected by him. He agreed to take that part; and the court cannot look beyond that, and inquire whether he meant to keep it or to sell .it. The defendant’s possession of the part he agreed to take has not been disturbed. By the agreement he was to release *388 to -the others, separately, the share which the others might agree that each of them should -have in the homestead, when the mortgage given by the intestate should be discharged, or such arrangement relating thereto be made, as should be satisfactory to him. This mortgage has now been discharged; and, it is not material, as to the relief prayed, that it was not discharged at the commencement of the suit. So as to the mortgage given by Henry, on his undivided interest in the real estate. If .the defendant’s share has been relieved from the incumbrance of that mortgage; or if the complainants are now able to procure a release to be executed to the defendant by the present owner of that undivided interest, of all the interest of that owner in the share taken by the defendant; the only object which the court can consider the defendant as having had in taking .the share he selected can now be accomplished ; and the time that has elapsed is not material. And if it can now be done, it is not material whether it was offered, or could have been done, at the commencement of the suit, at least not as to the relief prayed.
A reference will be ordered, to ascertain whether the complainants are able to procure the release of Mrs. Howard, the present owner of Henry’s undivided share, of all her interest in the share assigned to the.defendant, and to ascertain how the title now stands.
I think it better also, in this stage of the cause, to direct the master to ascertain whether the complainants are able to procure the release of Abraham to be executed to the defendant.
If it shall appear that the complainants are able to procure the releases to be executed to the defendant, but that the defendant puts- himself in a position to prevent their delivery to him, by refusing to execute proper releases himself, it appears to me that the case will call for such action of the court as will, nqtwithstanding, give the complainants the relief they seek. The .question of costs is reserved.
Order accordingly.