Ten Eyck *v.* Manning.

## JOHN V. TEN EYCK

*v.*

## GEORGE M. MANNING.

1. The remedy by specific performance is not a matter of strict right but of sound judicial discretion, and will be granted or denied as the justice and right of the particular case shall seem to the court, on full consideration of the rights and equities of the parties, to require.

2. As a general rule, specific performance will not be decreed in any case where mutuality of obligation and remedy does not exist.

3. Where a husband agrees to exchange land belonging to his wife for land of the defendant, and the title to the land which the husband agreed to convey is still in the wife when the husband sues, and also when decree is to be pronounced, no decree for specific performance can be made.

On final hearing on bill and answer and proofs taken orally.

*Mr. Woodbridge Strong* for complainant.

*Mr. George C. Ludlow* for defendant.

VAN FLEET, V. C.

This is a suit for specific performance. The material facts may be stated in a few words. On the 12th day of December, 1890, the parties made a written contract, by which the complainant agreed to well and sufficiently convey to the defendant, by deed of warranty, free from all encumbrance except a mortgage debt of $4,000, certain lands in Middlesex county; and the defendant agreed that he would, as the consideration for the complainant's conveyance, well and sufficiently convey to the complainant, free from all encumbrance except a mortgage debt of $3,500, a farm in Somerset county, and also assign and deliver certain goods and chattels. The deeds were to be interchanged at a short day in the future. The lands which the complainant agreed to convey are described in the contract as all the lands conveyed to the complainant by deed of Louis G. Knowles, on March 15th, 1884, recorded in a book and on a page designated. No lands were conveyed by Mr. Knowles to the complainant. The deed referred to, by way of description, was not made to the complainant, but to his wife. At the time the contract was made she was the owner of the lands which the complainant agreed to convey, and is still their owner. She was not a party to the contract, and is not, of course, bound by it. She is not a party to this suit. The defendant refused to perform, and thereupon the complainant brought this suit. In addition to a decree for specific performance, he asks that the contract may be so reformed that it shall describe the lands which he agreed to convey as lands conveyed by Mr. Knowles to his wife. The case will be considered as though the contract had been originally drawn so as to impose upon the complainant an obligation to well and sufficiently convey, by deed of warranty, lands belonging to his wife and not himself.

Of the many defences set up only one need be considered, and that is that the contract which the complainant asks to have enforced does not give to the defendant a right to the same remedy against the complainant which the complainant seeks against the defendant; in other words, that this court could not, on the defendant's application, compel the complainant to specific-

ally perform the contract.   The remedy by specific performance
is not a matter of strict right, but of sound judicial discretion,
and will be granted or denied as the justice and right of the
particular case shall seem to the court, on full consideration of
the rights and equities of the parties, to require.   The enforce-
ment or denial of this remedy is regulated by certain well-estab-
lished principles, one of which is that it will not be granted, as
a general rule, in cases where mutuality of obligation and remedy
does not exist; or, stated in another form, mutuality of remedy is
essential to the maintenance of a suit for specific performance.
*Fry Spec. Perf.* § *286; Waterm. Spec. Perf.* § *196.*

While the forms in which this principle has been expressed
are somewhat variant, they are identical in substance.   Sir James
Wigram, vice-chancellor, in *Waring* v. *Manchester Railway Co.,*
*7 Hare 481, 492,* stated it in this form: "If that which the
defendant is entitled to be something which the court cannot
give him, it certainly has been the generally-understood rule that
that is a case in which the court will not interfere."   And in
*Van Doren* v. *Robinson, 1 C. E. Gr. 256, 259,* Chancellor Green
said: "The general principle is that where the contract is inca-
pable of being enforced against one party, that party is equally
incapable of enforcing it against the other."   In *Beard* v. *Linthi-*
*cum, 1 Md. Ch. 345, 350,* Chancellor Johnson held that if one
of the parties is not bound, or is not able to perform his part
of the contract, he cannot call upon the court to compel specific
performance by the opposite party; and in the subsequent case
of *Duval* v. *Myers, 2 Md. Ch. 401, 405,* the same judge said in
substance that the right to the specific execution of a contract
depends upon whether the agreement is obligatory upon both
parties, so that upon the application of either against the other
the court can compel a specific performance.   And Chief-Justice
Beasley, in pronouncing the opinion of the court of errors and
appeals, in *Richards* v. *Green, 8 C. E. Gr. 536, 537,* said: "In
every case that I can find, where specific performance has been
ordered, a mutual remedy existed upon the contract at the time
of rendering the decree.   It seems to me that the rule is uni-
versal to this extent, that equity will not direct a performance

·of the terms of an agreement by the one party, when, at the time ·of such order, the other party is at liberty to reject the obligation of such agreement." The reason on which this principle rests was stated by Lord Redesdale, in *Lawrenson* v. *Butler, 1 Sch. & L. 13, 18,* in this wise: were it "otherwise it would follow that the court would decree a specific performance where the party called upon to perform might be in this situation, that if the agreement was disadvantageous to him he would be liable to the performance, and yet if advantageous to him he could not compel a performance. This is not equity as it seems to me."

This, like many other general rules, is subject to exceptions. A covenant to renew a lease will be enforced against the lessor, though the lessee is under no reciprocal obligation to accept an additional term. *Van Doren* v. *Robinson, 1 C. E. Gr. 256, 259.* And so, too, where an optional or unilateral contract to convey rests on a sufficient consideration to make it obligatory, the contract may be specifically enforced. As, for example, if a lessor, by the lease, agrees to convey the demised premises to the lessee at a future time, at a fixed price, without requiring the lessee to enter into a reciprocal obligation to purchase, a specific performance of the contract may be ordered against the lessor, the presumption in such a case being that the lessee agreed to pay a larger sum as rent, in consideration of the optional right to purchase, than he otherwise would have agreed to pay. *Hawralty* v. *Warren, 3 C. E. Gr. 124, 126.* But, except in these cases and others resting on a similar foundation, the principle, I think, must be considered to be firmly established, by a multitude of adjudications, that specific performance will not be decreed in any case where reciprocity of remedy does not exist.

In my judgment, the statement of this principle decides this case. No argument is required. As is manifest, no court could compel the complainant, on the application of the defendant, to specifically perform the contract. He does not own the lands which he agreed to convey, and cannot, therefore, convey them. A decree directing him to do so would be mere empty words without the least coercive force. Even if such a decree should be made at his instance, he could not obey it. If it was per-

formed at all, his wife would have to do the essential act, namely, convey the land, and she would have to do it as a favor and without being entitled, by force of the contract, to receive anything in return for her land. A decree ordering the complainant to specifically perform this contract would be just as impotent to accomplish its purpose as a like decree against an infant. No such decree can be made against an infant, because he is incompetent to make a valid contract to convey. If he signs such a contract and an attempt is made to enforce it by suit by his next friend, the suit will be dismissed at the cost of the next friend. *Flight* v. *Bolland, 4 Russ. 298.* The chief-justice cited this case, in *Richards* v. *Green, supra,* as furnishing a pointed illustration of the way in which the doctrine, that a court of equity will never order the specific performance of an agreement in favor of a complainant whom it cannot compel to perform his part of the bargain, was applied.

The precise question raised here has already been decided. *Luse* v. *Deitz, 46 Iowa 205,* is in all material respects precisely like the case under consideration. There, as here, a husband agreed to exchange land belonging to his wife for land of the defendant; and there, as here, the defendant, on tender of a deed executed by the husband and the wife, refused to make a conveyance to the husband, and the husband then brought an action for specific performance. Relief was denied on the ground that the right to the remedy sought was not reciprocal. The court, after declaring that the want of mutuality in remedy constituted an insurmountable obstacle in the way of decreeing specific performance, added: "The fact that Luse tendered to Deitz a deed in due form, executed by himself and his wife, does not affect the case. The objection still exists that Deitz could not have enforced performance against Luse if Luse and his wife had been unwilling to convey. If a party, who is not bound to specifically perform, may, by tendering performance, enforce a specific performance against the other party, he may, at his option, enforce the specific performance of any contract, though not bound to like performance himself."

I think it is thus made plain that the complainant must be

denied relief in conformity to both principle and precedent. His bill must be dismissed, but I do not think that costs should be awarded against him. The defendant interposed many defences, some of which are without either substance or merit. The defendant's course in this respect has greatly increased the cost of the litigation to the complainant. In view of this and other circumstances, I think the dismissal should be ordered without costs to either party against the other.