ANNIE A. REDROW

*v.*

J. KATHERINE SPARKS et al.

[Submitted and decided June 21st, 1909.]

1. In the foreclosure of a purchase-money mortgage which has been given to a vendor by the vendee mortgagor for all or a part of the consideration of a deed of conveyance for the same premises containing covenants of warranty of title or against encumbrances, the vendee mortgagor may be allowed a deduction, by reason of the covenant against encumbrances contained in the deed, for prior mortgages, taxes, assessments or judgments; relief may also be given the vendee mortgagor by reason of the covenant of title contained in the deed if there has been an eviction by title paramount; relief may also be given in such case for fraud; or for the conveyance of less land than bargained for; the foreclosure may also be arrested pending an action at law to try the title of an adverse claimant. No relief can be given the vendee mortgagor on his assertion of an outstanding title when there has been no eviction and no action is pending to enforce it; in such case the vendee mortgagor will be left to his remedy at law on the covenants.

2. The right of rescission of a contract must be asserted within a reasonable time; the retention of the benefits of the contract is inconsistent with the assertion of that right.

3. A defect of title which has been removed before final hearing and which has caused no damage to the vendee, affords no ground for relief of the vendee mortgagor in a suit to foreclose a purchase-money mortgage. But in such case partial relief may be given against costs.

On bill to foreclose and cross-bill.

*Mr. G. Dore Cogswell,* for the complainant.

*Mr. Joseph J. Summerill,* for the defendant.

LEAMING, V. C.

The defences available to a mortgagor in resisting the foreclosure of a purchase-money mortgage which he has given to his vendor for all or a part of the consideration of a deed of conveyance to him for the same premises containing covenants of warranty of title, or against encumbrances, are considered by Vice-Chancellor Stevens in *Kuhnen* v. *Parker, 56 N. J. Eq. (11 Dick.) 286,* and the adjudications in this state in cases of that class are there collected. It will be observed that where there is a covenant against encumbrances, the mortgagor may be allowed a deduction for prior mortgages, taxes, assessments or judgments; where there is a covenant of title and there has been an eviction by title paramount, relief may be given to the mortgagor; relief may also be given when the mortgagor has been defrauded; or has by mistake obtained less land than he bargained for; the foreclosure may also be arrested pending action at law to try the title of an adverse claimant; but no relief can be given to the mortgagor on his assertion of an outstanding title where there has been no eviction and no action is pending to enforce it. In the latter case the mortgagor will be left to his remedy at law on the covenants.

In the present case the cross-bill asserts fraudulent representations upon the part of complainant which, if sustained, might afford ground for equitable relief. The evidence, however, discloses no fraud. Any representations which may have been made touching the title were innocently made. Cross-complain-

ant conceded this upon the witness-stand, and other evidence fully established the fact.

At the hearing cross-complainant was permitted to treat his cross-bill as amended, touching all matters relating to damages sustained by her from any cause, and complainant was permitted to treat her bill as supplemental by the averments of matters which had transpired touching the title after the original bill was filed. The evidence fully established that all defects of title had been cured prior to the time of the hearing. The evidence touching damages received by cross-complainant by reason of the removal of buildings or the want of repair of the premises was insufficient to either warrant a rescission of the contract or to establish a right to an offset or allowance against the mortgage. Had cross-complainant sought a rescission of the contract that remedy should have been applied for earlier; possession was taken after the buildings were removed, of which complaint is now made, and the premises were occupied a year without complaint of the absence of the buildings referred to, or of the want of repair of the buildings; any right of rescission which may have existed by reason of want of repair or loss of buildings must be regarded as having been waived; the sale of timber from the property had a like effect. The evidence does not satisfy me that any fraudulent representations touching either the character or extent of the buildings were in fact made, and neither the written contract nor the deed of conveyance contain any covenant of that nature. Had there been any representations which included the idea that the roof of the house was in good repair, I think some complaint would have been made when it was found to be otherwise. I think it may have been understood by the parties that a chicken-house was to remain on the premises; but the cost of a new chicken-house was not proven, even if it be assumed a proper offset.

I am also unable to discern any reason for denying a decree because of defects of title existing at the time the bill was filed, which defects were then unknown to the parties and were removed before the time of the hearing. As already stated such defects have been held to afford no defence to foreclosure until

adverse rights are asserted; but assuming that relief could be granted cross-complainant in this court by reason of the defects of title referred to, as the defects have been removed before final decree, no relief is now practicable, for no substantial damages have been sustained by cross-complainant by reason of the defects complained of. In specific performance cases by a vendor a good title at final decree is usually held sufficient. *Oakey* v. *Cook, 41 N. J. Eq. (14 Stew.) 350, 364; Moore* v. *Galupo, 65 N. J. Eq. (20 Dick.) 194, 198; Agens* v. *Koch, 70 Atl. Rep. 348.* In the present case the title was promptly perfected when the defects were discovered.

I think, however, that cross-complainant is equitably entitled to be relieved from such costs as have accrued that would not have accrued had the title been perfect when the bill was filed. The evidence discloses with reasonable clearness that after the bill was filed a client of Mr. Summerill would probably have loaned cross-complainant the necessary money to discharge the mortgage and stop the foreclosure had the title been found marketable, and that the loan failed because of the title defects. In view of this fact I think complainant should recover the taxed costs incident to the filing of the bill and issuing and serving the subpœnas and no more, unless cross-complainant makes it necessary to issue an execution, in which case the costs of decree and all subsequent proceedings may be properly taxed.

I will advise a decree for complainant for the amount of the mortgage with interest to the date of the decree, together with the costs above referred to.