This suit is brought to foreclose a purchase-money mortgage given by the Moorland Farms Corporation, a corporation of New Jersey, to the Standard Agricultural Chemical Corporation, a corporation of Delaware. By deed dated November 14th, 1924, and recorded November 22d 1924, the Standard Agricultural Corporation, then the owner of the lands in question, sold and conveyed the same to the Moorland Farms Corporation, for the sum of $500,000. The purchase price was paid and secured as follows: The sum of $15,000 was paid in cash, an underlying mortgage for $10,000 was assumed, the grantee gave its promissory note for $75,000, and gave also its promissory note, secured by the purchase-money mortgage in question, for the balance of $400,000. The mortgage bears even date with the deed and was also recorded on November 22d 1924.
Subsequently, the corporate title of the mortgagee company was changed to Ammoniate Products Corporation. The mortgagee thereafter negotiated a loan of money, evidencing its indebtedness by a series of promissory notes, and as collateral security to the lenders and holders of said notes, it endorsed and delivered to them the note for $400,000, and assigned and delivered the mortgage, with other collateral. The three complainants, taken together, have legal title to, and the equitable interests in, the note and mortgage in question.
In April, 1926, receivers were appointed for the Moorland Farms Corporation, by order of the United States district court for the district of New Jersey, and were continued as permanent receivers by order made on May 10th, 1926. *Page 427 
A number of issues were raised in the answers and counter-claims filed by the defendants who have appeared in the suit. However, upon the proofs taken at the hearing, the issues actually presented for determination are few in number.
On behalf of the mortgagor and receivers, it is contended that defects exist in the titles to the mortgaged lands, which entitle the receivers to rescind the transaction. That issue is not presented by the pleadings, and was introduced for the first time upon the hearing and argument. One respect in which it is specifically urged that a defect exists is that the titles to many of the tracts of land covered by the mortgage are not in fee-simple. The premises mortgaged comprise upwards of two thousand acres of lands, and are made up of numerous tracts, formerly separately owned. A great number of these tracts lay in an area improved by the commissioners of drainage of lands along the Pequest river, known as the Great Meadows. In 1883, the commissioners of drainage conveyed these tracts for the term of one thousand years, to the predecessors in title of the Standard Agricultural Chemical Corporation. The conveyances have been of record for some forty-five years, the Moorland Farms Corporation had notice thereof at the time of its acquisition of the lands in question, and it is, indeed, impossible to assume that it did not then have full knowledge of the nature of such conveyances. By the supplement of 1906, chapter 198, page 378 (3 Comp. Stat. p.3284 ¶ 149), it is provided that —
"Sec. 1. All conveyances of land made under and by virtue of an act entitled `An act to provide for the drainage of lands,' approved March eighth, one thousand eight hundred and seventy-one, and the several supplements thereto, whereby the lands therein described have been sold and conveyed for a term of years exceeding two hundred years in duration, shall be construed and regarded as conveying to the grantee named therein an estate in fee-simple, subject to the same modes of alienation, power of devise and rules of descent and distribution, and generally to all the incidents of an estate in fee."
And in Black v. Delaware and Raritan Canal Co., 24 N.J. Eq. 455; Meyer v. Harris, 61 N.J. Law 83, 100, and *Page 428 Ocean Grove Camp Meeting Asso. v. Reeves, 79 N.J. Law 334;affirmed, 80 N.J. Law 464, it has been said that a lease for a period of nine hundred and ninety-nine years conveys a term which is, for all practical purposes, perpetual, and is substantially a conveyance in fee. Under these circumstances the contention of the receivers cannot be sustained.
The receivers also urge, in general terms, that there are other defects in the titles, but without specifying any particular matters to which that contention is directed. There has been no evidence of any eviction, actual or constructive, from any part of the lands, nor of the hostile assertion of any adverse title or claim, nor of the surrender or abandonment of any part of the premises to any claimant of a paramount title. No fraud has been charged or proven. The deed from the Standard Agricultural Chemical Corporation to the Moorland Farm Corporation has not been offered in evidence, but it does appear that a contract made prior to the conveyance provided for a warranty deed. Assuming therefore, for present purposes, that the deed was of full covenants and warranty, yet it is settled that even a defective title is no defense to the foreclosure of a purchase-money mortgage, or ground of abatement of price, in the absence of fraud or eviction, and that an outstanding title or encumbrance is no defense without actual or constructive eviction.Ratkewicz v. Kara, 89 N.J. Eq. 203; Redrow v. Sparks,76 N.J. Eq. 133. And it is not claimed that there were other prior unsatisfied mortgages, or unpaid taxes, assessments or judgments, encumbering the property at the time of conveyance. Furthermore, several exceptions and reservations are expressly recited in the description of the mortgaged premises, which it may be assumed are likewise expressed in the deed. The mortgage also contains the following clause:
"Subject, however, to various matters, particularly specified and set forth in the said deed and subject to which the said real property was by said deed conveyed by the mortgagee to the mortgagor."
Without evidence of the contents of the deed, it cannot be assumed that these "various matters," together with the exceptions *Page 429 
and reservations above mentioned, do not include all the matters which might fall within a general objection of defects in title, and that such matters were not considered in arriving at the purchase price for the lands in question. In this situation, there is nothing upon which, in this respect, an abatement or reduction of the mortgage debt may be founded.
On this view of the matter, it is immaterial whether or not the present holders of the mortgage had notice or knowledge of any alleged defects in title. And it is unnecessary to consider what the effect may be of the mortgagor's covenants of seisin, subject only to the exceptions specified in the deed, and of warranty, contained in the mortgage.
By deeds bearing date November 14th, 1924, executed and recorded after the execution and recordation of complainants' mortgage, Moorland Farms Corporation conveyed certain portions of the mortgaged premises to the defendants Eva M. Wright, George F. Wright and Myra D. Vandeveer. Some part of the purchase-money was paid when each of these sales were made, and the balances due on the purchase price of the respective parcels were secured by mortgages to the grantor. These defendants have filed an answer and counter-claim, alleging that the parcels sold to them were included by mistake in the property covered by the complainants' mortgage, and seeking relief either by way of reformation or modification of the mortgage, or that the complainants be decreed to execute and deliver to them respectively releases for these parcels. At the hearing, an arrangement was made on behalf of complainants and these defendants to provide for the reinstatement of these conveyances, in the event that complainants should become the owners of the mortgaged premises at foreclosure sale, and upon said defendants complying on their part with the terms of sale. The issues raised by the answer and counter-claim of these defendants, therefore, have disappeared.
The receivers also contend that the payments made on account of the purchase price of these parcels, and of certain other parcels, passed into the hands of the holders of the mortgage, and that credit should be allowed the mortgagor on *Page 430 
that account. This contention is not borne out by the evidence.
It is further contended by the receivers, and is conceded by the complainants, that there was an error in the computation of the acreage of the lands conveyed and mortgaged, resulting in a shortage, and that on that account a credit of $38,760 should be allowed, to take effect as of the date of the mortgage.
The validity of a subsequent mortgage upon the lands in question, made by Moorland Farms Corporation to defendant Fred R. Graff, trustee, is also contested by the receivers. It was agreed between these parties that the hearing of that dispute should await the outcome of the decision of the questions respecting the complainants' mortgage, and any sale thereunder, when the claims of the subsequent mortgagee may be transferred to the surplus, if any, and the issues determined.
A decree will be advised in accordance with these conclusions.