ESTHER TEITLEMAN et vir, et al., respondents,

*v.*

PORTER SMITH COMPANY, INCORPORATED, et al., appellants.

[Decided October 15th, 1928.]

Where vendors executed a contract for the sale of real estate which was not acknowledged by all of them, but later they executed deeds acknowledged by all parties, and were at all times ready, able and willing to comply with the contract and transfer title to the property, *held*, that the answer of the defendants to the vendors' bill for specific performance of contract, alleging that two of the vendors failed to acknowledge the contract, and that the contract therefore lacked mutuality of remedy and was unenforceable, did not state a defense.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who filed the following opinion:

"A bill was filed for the specific performance of a contract made between the parties, wherein the complainant agreed to convey and the defendants to purchase a tract of land described in the bill. The title to the premises was in Esther Teitleman, wife of Solomon Teitleman, and Israel S. Teitleman.

"The agreement was signed by all the parties, but no acknowledgment was made by Esther Teitleman or by Mary Teitleman, wife of Israel S. Teitleman.

"Answer is filed admitting the contract, but denying paragraphs 4, 5 and 6, which were allegations that complainants were and have been ready, willing and able to make conveyance, but that defendants have refused to carry out said contract. For a first defense, the defendants allege that said Esther Teitleman and Mary Teitleman have not acknowledged the execution of the "agreement of sale" and that by reason thereof the said agreement lacked mutuality of remedy and is therefore unenforceable as against the defendants.

"A second defense, that the complainants did not tender to these defendants a special warranty deed, was withdrawn.

"On notice, a motion was heard to strike out the answer filed, and each of the defenses set up therein, on the ground that said answer and said defenses are sham and frivolous and that the facts stated in the first defense are insufficient to prevent complainant from recovering.

"The affidavits served and read in court (the answering defendants presenting no affidavits or other proof) show that a deed was prepared, duly executed and acknowledged by all the grantors (the complainants) and in the possession of Samuel F. Eldredge at his office, where the settlement was to be made, prior to August 17th, 1927, the time fixed in the agreement for settlement. One of the defendants made arrangements with said Eldredge for settlement to take place at two P. M. on August 17th, 1927—prior to that time he was notified that the defendant would not be ready at the time indicated. At that hour all of the complainants, except Mary Teitleman and Israel Teitleman, were present at said office for settlement, and there remained from two o'clock until about four o'clock, Israel Teitleman coming in in the meantime. On the same day Eldredge took the deed to King A. Porter, one of the defendants, informed him that the sellers were ready for settlement, demanded the purchase price and tendered the deed.

"Porter said the purchasers were unable to take title because they had been unable to raise the money, but that he would talk with his partner, Smith, and arrange to be at his (Eldredge's) office at eight o'clock that evening to make

settlement.   The same complainants were at Eldredge's office that evening, and Smith notified Eldredge by telephone that it would be useless for him to come as he had not raised the money.

"On August 18th, Smith called Eldredge and stated that they had not yet been able to raise the money and asked the parties to wait until the following Tuesday—on that day Smith again telephoned that they were unable to make settlement.   That complainants were always ready, willing and able to comply with the terms of the contract; that the deed has always been ready for delivery, and has been presented in court.

"The defendants insist that the first defense is a valid one and should not be stricken.

"The late Vice-Chancellor Griffin, in *Verney* v. *Dodd, 96 N. J. Eq. 129,* said:

" 'Assuming that at the time the contract was signed it lacked mutuality, in that the defendant could not enforce the contract against Mrs. Verney, yet, when the complainants, husband and wife, executed a full covenant warranty deed * * * which satisfied the terms of the contract, and were thus prepared to completely perform the same, which performance was refused by the defendant, and when Mrs. Verney came in as a party complainant in the cause, asking for specific performance, mutuality of contract was then created from which Mrs. Verney could not withdraw, and she was bound thereby.'

"In the case of *South Jersey Furniture Corp.* v. *Dorsey, 95 N. J. Eq. 530;* affirmed by the court of errors and appeals, *per curiam, 99 N. J. Eq. 433,* I held that a deed executed by the wife and presented at an attempted settlement was evidence of her willingness to sign.

"In that case I also held that even if the case stood upon this so-called unilateral contract, it ceased to be unilateral the very moment the vendee (in the case *sub judice,* the vendors) filed his bill for the specific performance of the contract, and quoted Chief-Justice Beasley in *Richards* v. *Green, 23 N. J. Eq. 536:* 'But it will be observed that when

*103 N. J. Eq.*    Teitleman *v.* Porter Smith Co.

such contracts come to be enforced in equity they cease to be unilateral, for upon filing the bill the party who was before unbound puts himself under all the obligations of the contract. By his own act he makes the contract mutual and the other party is enabled to enforce it.'

"The motion to strike will be granted. The defendants may have fifteen days from date of service of order upon them or their solicitor to file other pleadings if advised so to do."

*Messrs. Starr, Summerill & Lloyd,* for the respondents.

*Messrs. Kreps & Bell,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Ingersoll.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  15.

*For reversal*—None.