Complainant, as vendor, by a bill for specific performance of contract, seeks to compel defendant, as his vendee, to pay the agreed purchase price of certain property.
By the contract complainant agreed to sell to defendant a certain printing business and its equipment and also to lease to defendant for a specified term the building in which the printing plant was operated, and defendant agreed to pay therefor a specified price. Time was not of the essence of the contract either by stipulation or circumstance. Complainant was not the owner of either the printing business or its equipment or the land to be leased. The printing business was owned by a corporation, the stockholders of which were complainant, his wife and son, and the land was owned by complainant's wife. Complainant had not been clothed with authority either by the corporation or by his wife to sell or to contract to sell the plant or to lease or to make the contract for the lease of the real estate. Subsequently defendant learned that none of the property was owned by complainant and thereupon rescinded the contract by written notice to that effect and demanded the return of the first payment.
At final hearing it appeared that subsequent to the rescission by defendant and shortly before suit was brought complainant had procured from his wife a lease to defendant, in which complainant joined as lessor, which lease was in terms substantially as provided for in the contract, and had also procured a bill of sale from the corporation to defendant, also in terms substantially in accordance with the contract, and by letter had then notified the attorney who was representing defendant of the execution of the lease and bill of sale, and demanded settlement by a specified date with a threat of suit for specific performance should defendant refuse, to which letter defendant's attorney had replied that he stood upon his rescission. At final hearing that lease and bill of sale were offered in evidence and tendered to defendant and the tender refused. *Page 432 
Subject to well known exceptions the rule has long been recognized in this state that mutuality of equitable remedy is essential to the right to specifically enforce contracts of sale. At the time defendant repudiated the contract complainant, his vendor, was a stranger to the title. The situation then existing was precisely that which existed in the case of Ten Eyck v.Manning, 52 N.J. Eq. 47, except that in the present case no tender of a conveyance had been made before defendant's rescission. In Ten Eyck v. Manning complainant had contracted with defendant to sell to him real estate owned by complainant's wife. As appears by page 51 of the reported opinion, a deed from complainant and his wife was tendered to defendant before suit for specific performance was brought and the tender was refused by defendant. It was held at final hearing that the absence of reciprocal equitable remedy under the contract rendered it unenforceable by complainant. The principles specifically defined and made the ground of decision in Ten Eyck v. Manning appear to have stood unchallenged in this state for over thirty years and have been sanctioned by repeated decisions in this state during that period; unless that case be overruled at this time complainant's claim of right to the remedy here sought must be denied to him. It may also be noted that our court of errors and appeals has specifically determined that a contract of that nature could not be enforced by the vendee. Klausner v.Watson, 86 N.J. Eq. 220, 223.
It is urged that the force of Ten Eyck v. Manning has been lessened by decisions in this state to the general effect that in a suit by a vendor for specific performance of a contract his ability to perform by conferring a perfect title at the time of final hearing is adequate to support that remedy; but I find no adjudication in this state in which complainant's ability to confer a perfect title at final hearing has been made the ground for awarding a decree in his favor in any case in which complainant has been a stranger to the title at the time of the execution of his contract to convey. Nothing would seem to be more obvious in the application of this principle of mutual remedy than the inherent difference between the status of a stranger to the title and that of the *Page 433 
owner of the property with possible outstanding encumbrances or title defects which may be called in or overcome before decree. In the former case no equitable remedy of enforcement exists in behalf of the vendee; in the latter case the vendee is entitled to the remedy of specific performance to the full extent of the vendor's ownership with equitable abatement from the purchase price for outstanding encumbrances or partial failure of title. So firmly is this right of a vendee to enforce specific performance with abatement recognized that it is enforced where the vendor's interest which can be conveyed is but a small part of that contracted for, or even no more than a life estate in land which the vendor has contracted to sell in fee. SeeTriplett v. Ivins, 93 N.J. Eq. 202 (at p. 206). The authorities in this state which have been brought to my attention in which a perfect title of the vendor at final hearing has been held adequate to justify the remedy of specific performance in his behalf are: Soper v. Kipp, 5 N.J. Eq. 383, 388; Oakey v.Cook, 41 N.J. Eq. 350, 364; Moore v. Galupo, 65 N.J. Eq. 194,198; Agens v. Koch, 74 N.J. Eq. 528, 530; Redrow v. Sparks,76 N.J. Eq. 133, 136; Van Riper v. Wickersham, 77 N.J. Eq. 232,240; Gerba v. Mitruska, 84 N.J. Eq. 79, 141. All of these cases will be found to have been vendor's suits for specific performance in which title was in the vendor at the time the contract of sale was executed, and in all but the last case above cited outstanding interests or encumbrances had been removed at or prior to final hearing; in the case last cited a definite period after the decree was allowed complainant to perfect his title by reason of equitable circumstances peculiar to that case.
Some criticism has been made in sister states of the equitable rule requiring mutuality of remedy to support the right of specific performance; but in this state that rule appears to be too firmly established to justify a discussion of its merits, especially by a court of first instance. In England the rule is that declared in Ten Eyck v. Manning, supra. In Forrer v.Nash, 35 Beav. 167, it appears that complainant had agreed to make a lease to defendant for twenty-one *Page 434 
years, with a right to re-let, but he enjoyed only a term of twenty years and could not underlet without consent of his landlord. Defendant repudiated the contract. Pending vendor's suit for specific performance the landlord agreed to concur. Held: "I am of opinion that when a person sells property which he is neither able to convey himself nor has the power to compel a conveyance of it from any other person, the purchaser, as soon as he finds that to be the case, may say, `I will have nothing to do with it.' The purchaser is not bound to wait to see whether the vendor can induce some third person [who has the power] to join in making a good title to the property sold." This view was adopted as based upon the want of mutuality of remedy between the parties. To the same effect is Wylson v. Dunn, 34 Ch. Div.569. At page 576 it is said: "Now comes the question, which has been much argued, of non-mutuality. It is a technical doctrine, but like many other technical doctrines, founded on common sense. It comes simply to this — that one party to a bargain shall not be held bound to that bargain when he cannot enforce it against the other. If the contract is not mutually enforceable it is a voidable contract; that is, it may be avoided as soon as the person who has the right to avoid it discovers that the cause or occasion for doing so occurs." Forrer v. Nash, supra, andBrewer v. Broadwood, post, are then approved. Brewer v.Broadwood, 22 Ch. Div. 105, is to the same effect. At page 109, after approving Forrer v. Nash, supra, it is said: "That was the case here, and on that principle the defendant was justified in repudiating the contract. That principle has, of course, nothing whatever to do with the cases in which there are outstanding interests which the vendor has the power of getting in, because in those cases he is able and he is under an obligation to get them in; but it has a great deal to do with a case in which the only title of the vendor is contingent upon the will and volition of a third person. That was the case in the present instance. Therefore, I hold that the defendant was justified in repudiating."
Complainant's bill will be dismissed. *Page 435