The suit by the Hermans is to specifically enforce a contract for the sale of land; that by Bianchi is to set aside *Page 227 
the contract and to remove the cloud from the record. The suits have been consolidated.
Mrs. Herman and Bianchi, by contract in writing, October 13th, 1927, agreed upon an exchange of properties to be consummated January 2d 1929. The title to the Herman property stood in the name of Mrs. Herman's husband. He, a lawyer, made the deal with Bianchi, also a lawyer. The contract was not acknowledged by Mrs. Herman, nor did her husband join in it. The Hermans were under the impression that he had conveyed the property to her. A deed had been prepared and signed by him shortly after he acquired the title in 1927, but it was neither acknowledged nor delivered. It was carelessly mislaid and forgotten. On the day fixed for the closing the parties were apparently ready to make the exchange, but it was delayed by Bianchi's failure to secure subordinations of mortgage encumbrances on a strip of adjoining land, over which Bianchi was to give a driveway easement free of the liens; the mortgagees were unwilling. That was the hitch at that time. The Herman property was also encumbered by municipal liens and a tax sale which they were ready to clear up. Instead of co-operating, Bianchi immediately sought counsel, evidently with a view to escaping his contract and two days later, January 4th, by letter communication, gave notice of rescission on the ground of want of mutuality of the equitable remedy of specific performance, and assigned as reasons that Mrs. Herman was not the owner of the title and that her husband had not joined her in the execution of the contract. Promptly the Hermans made tender of their duly executed conveyance. Bianchi tendered back the down money, and now resists performance, and maintains his right to rescind on the grounds set out in his notice.
The rule that equity will not lend its aid to the specific performance of contracts unless the right to the remedy is mutual is generally accepted as satisfied if the vendor can furnish good title at the time of the decree. Gerba v. Mitruske, 84 N.J. Eq. 141.
The rule that a contract will not be enforced if the vendor was a stranger to the title at the *Page 228 
time of the contract prevails in this court, in circumstances to which the rule was applied in Ten Eyck v. Manning, 52 N.J. Eq. 47,
and Freeman v. Andrews, 103 N.J. Eq. 430. There the contracts were promptly rejected after notice, which distinguishes the cases from the one in hand. The rule is for the benefit of the vendee, who may be estopped and the equity denied him if at the time of the contract he knew the vendor was not the owner (Pom. Spec. Perf. § 341); or if thereafter he has notice, he may be regarded as having waived the defense by conduct. Mr. Fry illustrates thus: "Where a purchaser contracts for an estate with a person having no title, or not such as he affects to sell, and the contract, therefore, is not mutual, for want of interest in the vendor — yet, if the purchaser investigate the title and make requisitions or concur in proceedings for the purpose of removing the defect, he is afterwards precluded from setting up the original want of mutuality in the contract." Fry Spec. Perf. (6th ed.) §468.
Bianchi admits he knew, the morning of the day of closing, after an examination of the search, that the title was not in Mrs. Herman, and knowing this, that he was nevertheless willing and ready to close the bargain and would have if the complication of the easement strip could have been arranged; and to that end he had telephoned Mr. Herman and together, on the afternoon of the settlement day, they went to the attorney of the mortgagees to persuade them to release. It is sufficient that he knew it then, but it appears that he knew it before. It may have been a slip, but he testified that the question never came up in whose name the title stood "until the question of the driveway [easement] came up," and that occasion he fixed as before Christmas. There can be little doubt that he knew it even earlier. It was shortly after the contract was made that Bianchi's clerk, at his direction, obtained from Herman his title deed and made the searches and placed them in the files of his employer's title papers. Bianchi says he did not look at them until the morning of the settlement day, when he examined them preparatory to the closing and made the discovery. *Page 229 
This last minute look, considering the nature and importance of the transaction, seems a strange indifference, and how singular, that Bianchi should mention to Herman in November, that the property was in his and not Mrs. Herman's name. This is Herman's testimony, and Bianchi did not deny or explain this away, nor Herman's reply: "What difference does it make, we both have to sign the deed." This undoubtedly gave Bianchi an understanding of the method intended to be pursued by the Hermans to perfect the title, and he must be held "to have concurred in the proceeding for the purpose of removing the defect." His notice to rescind came too late; it was abortive.
The other point, that the contract was not mutually enforceable because it was not joined in by the husband, is met and overcome by Mr. and Mrs. Herman's execution of a deed, acceptable to Bianchi, and by Mrs. Herman's bill, submitting herself to the jurisdiction of the court, in which submission she is joined by her husband. The rule that equity will not lend its aid to the specific performance of contracts unless the right to the remedy is mutual is generally accepted as satisfied if the vendor can furnish good title at the time of the decree. This feature of the case is within a well recognized exception to the rule of mutuality of remedy. Cavanna v. Brooks, 97 N.J. Eq. 329;Teitleman v. Porter-Smith Co., 103 N.J. Eq. 412; Rittenhouse
v. Swiecicki, 94 N.J. Eq. 36.
The mortgages on the adjoining land of the defendant, over which he was to give a driveway easement, were recorded after the recording of the contract here involved. The holders are parties defendant. They have not answered, but their counsel appeared at the hearing and consented to a decree subordinating them to the complainant's right.
A decree of specific performance will be advised and the bill for rescission dismissed. *Page 230