The parties agreed to exchange properties. The contract was effected through a real estate agent with whom both properties were listed. The complainants seek a rescission on the ground of misrepresentation; the defendant counter-claims for specific performance. The real estate agent who negotiated the trade, Reiss, represented to the complainants, in response to an inquiry, that there were no colored families in the neighborhood of the defendant's property. In fact, six negro families were living in four houses in the same block on the adjoining street. The locality was residential; the house the complainants were to take was to be their home — they have two children of school age. The materiality of the representation, personal and economic, is not in dispute, nor is the fact that it was relied on. Upon discovery of the misrepresentation the complainants promptly repudiated the *Page 14 
contract and filed this bill. The misrepresentation was not intentionally untruthful.
The defendant argues that the complainants are not entitled to rescind because they could have by casual inquiry discovered the untruthfulness of the representation. Assuming that to be true, the defendant cannot hope to have the contract enforced. The remedy of specific performance rests in sound discretion and equity will not aid a fraud-doer. Baron v. Buermann, 103 N.J. Eq. 47.
It is true that equity will not relieve the complainants if they, being put upon or having resorted to inquiry, could have with ordinary care discovered that the facts were not as represented. Equity does not aid one whose indifference contributed materially to the injury he complains of. The complainants were strangers to the locality. A trip through the neighborhood with careful observation and inquiry might have led to information. Even this extraordinary step might have been fruitless. A mission of that kind, undertaken by the agent who made the representation, a few days after the complainants rejected the deal, did not uncover the colored families. The defendant owner of the property, who spent considerable time building in the vicinity, was not aware of their presence although they were close by. The complainants were not called upon to investigate. It was their right to rely upon the representations and the reassurance by the defendant at the signing of the contract, that the representation was true.Baron v. Buermann, supra.
The complainants are entitled to a decree and the counterclaim will be dismissed. *Page 15