The defendant Carmine Sica agreed to sell to the complainant his apartment house on Grafton avenue, Newark, for a down payment of $250, and, upon the delivery of the deed, $3,750 in cash, $38,800, by assuming a mortgage on the apartment house, and $31,000, by the complainant conveying his property on High street, Newark, free of encumbrance. It was stipulated that "title shall be complete record title and not based upon a sale of the premises for taxes or *Page 341 
other municipal liens, nor upon adverse possession." The defendants' title to the apartment house is a tax title. The parties immediately took possession of their purchases. The contract was made October 8th, 1931, and they met for settlement the following November 13th, when the complainant objected that the rental income of the apartment house had been misrepresented, and it was adjusted by remitting the cash payment, $3,750, and by the defendant agreeing to convey a vacant lot adjoining the apartment house, title to which was represented as derived through a tax sale. The account was thereupon stated and the balance struck, $794.59, was paid, but the exchange of deeds was deferred until the defendant perfected his tax title to the vacant lot. Things drifted until the first of the year when the complainant, learning of the defendants' tax title to the apartment house, retained counsel who, by letter to the defendants' lawyer, January 6th, 1932, insisted upon title according to the contract. More delays followed and he gave notice, fixing February 1st as the final day for compliance and that time was of the essence of the contract. The defendant did not appear, and on the 18th of the month this bill was filed to rescind the contract. The defendant counter-claims that the contract be specifically performed. Pending the suit, the defendant perfected his tax title to the vacant lot. Before the hearing the holder of the $38,800 mortgage foreclosed and acquired title to the apartment house.
The complainant's right of rescission rests upon impossibility, not upon failure of performance, nor upon the efficacy of the notice limiting the time for performance. The defendant had nothing to convey except his tax title, and that was outlawed. It was the complainant's right to rescind upon learning that the defendant had but a tax title. Fry Spec. Perf. (3d ed.)499. The notice was an ultimatum, not a sine qua non to a rescission.
It is urged that the defendant can now perform, that he can get in the outstanding title, and that under the rule of Gerba v.Mitruske, 84 N.J. Eq. 141, being able to perform at the time of the decree, he is in time. But that rule is not *Page 342 
for those who are strangers to the title agreed to be conveyed. The defendant's tax title was either exclusive or he had no title at all, and if he had none at the making of the contract, he cannot ask for performance though he may be able to qualify at the decree. Freeman v. Anders, 103 N.J. Eq. 430.
The title offered by the defendant is this: The taxes for which the city of Newark sold the property were levied against Annie E. Edgecomb who died in 1918. By her will she gave her estate to two trustees in trust to be divided equally between two local charities, to convert the personalty into money and to "hold my real estate until such time as they deem it advisable and to the best interest of my estate to sell the same upon such terms and conditions as they deem desirable and proper under the then existing conditions" and to pay the money to the institutions as fast as the property should be converted. After the suit was brought deeds were obtained from each of the institutions. At the hearing, or since, an offer was made to get in the title of the mortgagee, acquired at the foreclosure sale. Had he both, the defendant could not perform. The institutions had nothing of title to convey; title was in the trustees (Crane v. Bolles,49 N.J. Eq. 373), and they are deceased. And as to the mortgagee conveying, it has nothing more than the defendant's tax title. The claim that the deeds of the institutions manifest an election to take the land, and amount to a conversion (Huber v.Donoghue, 49 N.J. Eq. 125), is of no avail; a mere election would not, ipso facto, vest the legal title in the cestuis quetrustent.
But assuming that the trustees had, as well, conveyed, their title would be so seriously menaced by the tax title, which was not to be taken, as to make the title, extra the tax title, unmarketable and unavailable. Herder v. Garman, 106 N.J. Eq. 13.
The complainant's failure to give notice of rescission at once upon learning of the defendants' failure of title was not a waiver of the right to sue for a rescission. Up until the rescission the defendant's attorney busied himself to induce the title company, holder of the mortgage afterwards foreclosed, *Page 343 
to insure the title, which it refused to do; and insured, there was probability that the complainant would have taken the title. The circumstance does not bring the case within the rule stated in the second syllabus of Bianchi v. Herman, 105 N.J. Eq. 226.
The rule does not extend to abortive efforts.
The complainant's failure to rescind promptly upon learning that the defendant could not convey was not an election to take his tax title. He at all times rejected it. The rule ofFaulkner v. Wassmer, 77 N.J. Eq. 537, that delay in rescinding for fraud is an election to affirm, was there applied to an executed contract. In rescission of an executory contract, a different rule applies. Baron v. Buermann, 103 N.J. Eq. 47.
The insistence that there was a waiver of title by the complainant going into possession, is met by the fact that he had no notice of the defendant's tax title. Sugd. Vend. P. X398.
And he offered to surrender promptly upon rescission (Simpson
v. Klipstein, 89 N.J. Eq. 543) although he was not obliged to restore to rescind, for on rescission the defendant will be in his debt. Plotkin v. Galowitz, 109 N.J. Eq. 304.
The foreclosed mortgage required amortization. An installment fell due January 1st, 1932, and for failure to pay the mortgagee filed its bill in April following. It is the defendant's contention that he lost the property through the complainant's neglect, that the complainant was in possession collecting the rent and should have met the charges. Restoration was tendered in February; the defendant could have repossessed himself but refused. The blame is upon his shoulders. But assuming it was the complainant's duty, it would be of importance in this litigation, only, were the defendant entitled to specific performance; to give him time to negotiate with the mortgagee-purchaser in order to make title, as was done in Van Riper v. Wickersham, 77 N.J. Eq. 232.
The defendant not being entitled to specific performance, the complainant is entitled to rescind. Goldstein v. Ehrlick,96 N.J. Eq. 52. A decree will be advised for rescission and an accounting. *Page 344