Complainant seeks the rescission of a stock subscription agreement and a return of his money. The bill alleges that he was induced to sign the agreement by misrepresentation on the part of agents of Pyramid Bond and Mortgage Corporation. His claim is that he was told the corporation was the same as a building and loan association and that he could withdraw his money any time he desired to do so.
The bill further alleges that all the assets of Pyramid Bond and Mortgage Corporation have been transferred to Pyramid Enterprises, Incorporated, and Pyramid Associates, Incorporated, and seeks a decree against those corporations also.
The proofs adequately support the charge of fraudulent misrepresentation. Defendants contend that complainant did not rescind promptly on his discovery of the alleged fraud and that his conduct amounted to ratification. The proofs, however, indicate the contrary. Upon learning the true nature of the corporation, and upon being told he could not have his money back, complainant refused to make any further payments. The fact that the bill was not filed until some time later is of no moment, for the defendant had knowledge long prior to the institution of this suit that complainant had in fact rescinded.
I am satisfied that there was no delay in repudiating the contract. However, even though delay in exercising the power of rescission is evidence of ratification, the weight of which is to be determined according to the circumstances of the case, it does not of itself operate as an estoppel, unless in the meantime superior rights of third persons have intervened. Williamson v.New Jersey Southern Railway Co., 29 N.J. Eq. 311, 319; Roberts
v. James, 83 N.J. Law 492. In the latter case, the court of errors and appeals held that there was "no proof that the plaintiff, the vendor, was in any way prejudiced except by his failure to receive the purchase money, and to that he was not entitled if the contract was induced by fraud. The defendant repudiated his obligation at the very start by failing to pay any installment of the price and *Page 192 
if the plaintiff did not know the position taken by the defendant he could easily have ascertained it."
As was said by Vice-Chancellor Backes in Navilio v. Sica,113 N.J. Eq. 340; affirmed, 115 N.J. Eq. 571, the rule ofFaulkner v. Wassmer, 77 N.J. Eq. 537, that delay in rescinding for fraud constitutes an election to affirm, applies to executed but not executory contracts.
The defendants further rely upon the fact that complainant retained and used the proceeds of one or more "dividend" checks as evidence of ratification. But complainant was not obliged to restore these small sums, for on rescission the defendant will be in his debt. Plotkin v. Galowitz, 109 N.J. Eq. 304; Navilio
v. Sica, supra; Hernig v. Harris, 117 N.J. Eq. 146.
The defendants Pyramid Enterprises, Incorporated, and Pyramid Associates, Incorporated, seek to avoid a decree against them on the ground that a full and valuable consideration was paid for the assets of Pyramid Bond and Mortgage Corporation which were transferred to them. Complainant did not prove that the transfers rendered the original company insolvent, but that was unnecessary, for the defendants in their amended answer admit that Pyramid Bond and Mortgage Corporation transferred all its assets in this state to the other two companies; admit that the former has given up its license to do business in New Jersey and that it has withdrawn its registered agent from this state; admissions, in effect, that in this state it is insolvent. Defendants further admit that Pyramid Bond and Mortgage Corporation owns all the capital stock of the other two companies.
The two "secondary" defendants did not state in their answer that they were bona fide purchasers for value without notice nor did they offer any proof as to the details of the transfers. "The defense of a bona fide purchaser must be clearly and unequivocally set up in the answer with the particulars of the purchase, and must be distinctly proved." Graves v. Coutant,31 N.J. Eq. 763; Naame v. Doughty, 109 N.J. Eq. 535. (Italics mine.)
Fraud permeates the atmosphere of the entire situation so *Page 193 
strongly that the mere fact that the defendant observed the usual legal formalities in effecting the various transfers is no bar to appropriate action by a court of equity. The objects sought to be accomplished by these transactions are obvious and this court will look at the true situation through whatever cloaks have been assumed, to the end that the injured party may have substantial as well as formal relief. Gorsch v. Birkhahn,8 N.J. Mis. R. 491; Hernig v. Harris, supra; Trachman v. Trugman, 117 N.J. Eq. 167.
I shall advise a decree against all defendants.