Complainant and defendants entered into a contract whereby complainant agreed to sell a certain parcel of real estate and defendants agreed to make certain specified payments therefor. The contract provided that if the buyers should make all the payments, upon the completion thereof, the seller should convey to the buyers a deed in fee-simple to the premises. The contract expressly provided that it should be regarded and construed as one to sell and not one of sale and that no interest, legal or equitable, should vest in the buyers until delivery of the deed. After the buyers had made numerous payments in accordance with the contract, but had not completed the payments, the property was taken in condemnation and an award deposited in court for the benefit of whoever should be entitled to it. Defendants instituted an action at law for the return of the payments made *Page 529 
by them on account of the purchase price. Complainant filed this bill to restrain the defendants from proceeding with the action at law and also for specific performance of the agreement, praying among other things that it be given a lien on the amount of the award for the balance of the purchase price. The matter is now before the court on a motion to strike the bill and dissolve the temporary restraint granted against the prosecution of the action at law.
The application to strike the bill must be granted. By its provisions the contract between the parties was purely executory and performance of the contract has been rendered impossible by reason of the fact that title to the premises has been taken by eminent domain in condemnation proceedings. By the express terms of the contract, the buyers were to have no interest in the premises until payment of all installments had been made. By reason of the condemnation, complainant can no longer perform. The recent case of Van Waldheim v. Englewood Heights Estates,Inc., 115 N.J. Law 220, seem dispositive of the rights of the parties. In that case, the buyers sought to recover payments made by them on account of premises taken in condemnation, and which accordingly was a suit identical with that sought to be enjoined by the bill herein. It was held that the buyers had the right to recover the installments. The court says (at p. 224):
"To return to the main question, it is apparent that the contract between the parties became an impossible one to perform so far as the seller was concerned because of the condemnation. * * * The transaction between the parties was still executory in character — something remained to be done by each party to consummate the sale. In cases of this kind the general rule is that where impossibility of performance intervenes and one party has partially performed, as in this particular case, without receiving compensation or value, `justice requires the imposition of a quasi-contractual obligation on the party receiving such performance to pay its fair value.'"
The remedy by specific performance is not a matter of strict right and will not be granted as a general rule where mutuality *Page 530 
of obligation and remedy does not exist. Ten Eyck v. Manning,52 N.J. Eq. 47.
In circumstances of the present suit, to grant to complainant the relief prayed for would be very inequitable, since defendants have made substantial payment, have been deprived of any chance to obtain the premises and would be left only to possible recovery of a small portion of the award in the condemnation proceeding.
An order will be advised striking the complaint and dissolving the restraint.